IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **MERALOC, LLC** § | |
| § | |
| **Plaintiff,** § | **CIVIL ACTION NO.** |
| § | |
| v. § | **JURY TRIAL DEMANDED** |
| § | |
| **SAFEWAY INC., d/b/a TOM THUMB** § | |
| § | |
| **Defendant.** § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Meraloc, LLC ("Meraloc" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Safeway, Inc., d/b/a Tom Thumb (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Meraloc, from U.S. Patent No. 7,451,262 (the "'262 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff Meraloc is a Texas entity with its principal place of business at 101 E Park Blvd, Suite 600, Plano, TX 75074.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at  5918 Stoneridge

Mall Road Pleasanton, CA 94588. Upon information and belief, Defendant may be served with process at CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having offices and employees in Texas, as well as because of the injury to Meraloc, and the cause of action Meraloc has risen, as alleged herein.

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Upon information and belief, Defendant, directly and/or through its customers, uses the accused products, as defined below, with the knowledge and/or understanding that such accused products are used or will be used in this District. Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district, has regularly conducted

business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. On November 11, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '262 patent, entitled "Removable Memory Storage Device Having a Display" after a full and fair examination. (Exhibit A).

9. Meraloc is presently the owner of the patent, having received all right, title and interest in and to the '262 patent from the previous assignee of record. Meraloc possesses all rights of recovery under the '262 patent, including the exclusive right to recover for past infringement.

10. The '262 patent contains four independent claims and seventeen dependent claims. Defendant commercializes, *inter alia*, devices that include each and every element of at least one claim of the '262 patent.

11. The invention claimed in the '262 patent comprises a removable memory storage device having a display.

## DEFENDANT'S PRODUCTS

12. Defendant uses products, such as the "Verifone MX915" (the "Accused Product"), that include a flash drive that can be removably connected to a computing device for storing files transferred from the computing device. For example, the Accused Product includes flash memory and can be removably connected to a computing device (e.g., a computer) for storing files (e.g., the "Tom Thumb" application software) transferred from the computing device.

13. The Accused Product includes at least one flash memory chip operable to store files transmitted from the computing device. For example, the Accused Product includes at least one flash memory chip (e.g., 512 MB) operable to store files transmitted from the computing device (e.g. application software downloaded from a host computer).

14. The Accused Product includes a display operable to display information related to files stored on the at least one flash memory chip. For example, the Accused Product displays the information related to the application software installed in the device.

15. The Accused Product includes an input device, such as a touch screen display, operable for providing input for managing files stored on the flash drive. For example, all functionality related to application software download and management is accessed via the device's touch screen.

16. The elements described in paragraphs 12-15 are covered by at least claim 1 of the '262 patent. Such combination of elements can only be used in a way that infringes the '262 patent. Thus, Defendant's use of the Accused Product is enabled by the device described in the '262 patent.

## INFRINGEMENT OF THE '262 PATENT

17. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 16.

18. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly and indirectly infringing the '262 patent.

19. Defendant has had knowledge of infringement of the '262 patent at least as of the service of the present complaint.

20. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '262 patent by using the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '262 patent, Plaintiff has been and continues to be damaged.

21. By engaging in the conduct described herein, Defendant has injured Meraloc and is thus liable for infringement of the '262 patent, pursuant to 35 U.S.C. § 271.

22. Defendant has committed these acts of infringement without license or authorization.

23. As a result of Defendant's infringement of the '262 patent, Meraloc has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

24. Meraloc will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Meraloc is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

25. Meraloc demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Meraloc prays for the following relief:

1. That Defendant be adjudged to have infringed the '262 patent, either literally or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the '262 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Meraloc for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Meraloc's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Meraloc have such other and further relief as this Court may deem just and proper.

Dated: August 15, 2016        Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF MERALOC, LLC**